Argument in 2013-31, which is Daniel v. Taylor. Mr. Bergstein. Yes, thank you, Your Honor. Stephen Bergstein for the plaintiff, Mr. Daniel, and I know we've divided up our time so Mr. Antolino can address some of the issues unrelated to fair trial. Daniel's case was dismissed in its entirety. That means he's allowed to proceed with his fair trial claim under the Due Process Clause and McDonough presents no barrier to that claim. This is not a malicious prosecution claim and McDonough cannot be interpreted to import the elements of a malicious prosecution claim into a fair trial claim. Nothing has changed post-McDonough. McDonough is a statute of limitations case. It's not a case involving the elements. As Mr. Rudin pointed out, the Supreme Court repeatedly notes that it's not addressing the substantive elements of a fair trial claim, so Second Circuit law is still good law on this issue. The only difference is that McDonough applies heck and we have two corrects equips before bringing this lawsuit. We don't have parallel civil and criminal litigation and we avoid the possibility of conflicting civil and criminal judgments. Neither concern is implicated here. There is no ongoing criminal case for Mr. Daniel and there's no conviction whatsoever. His case was dismissed under the ACD statute. Quote, ultimate dismissal of the accusatory instrument. The case is gone. 170.558 of the criminal procedure law. This is not a conviction or an admission of guilt and the defendant shall be restored to the status he occupied prior to his arrest and prosecution, almost as if the arrest never happened. There's no barrier for Daniel to bring a case like this and language that the city is relying upon to require a malicious prosecution. But you agree that it wouldn't be a sufficient termination for a malicious prosecution claim. Correct. All the arguments you're making could be, well, why not have a malicious prosecution claim because there is no outstanding conviction and so on. So the question is whether the fabrication of evidence claim is a really close analog to the malicious prosecution claim. Didn't the Supreme Court tell us in McDonough that it is? Only for purposes of determining when the fabrication claim accrues, but they didn't otherwise address the substantive elements. And as Mr. Rudin pointed out, fair trial claims and malicious prosecution claims attack entirely separate constitutional problems. And you can have a fair trial claim even if there's probable cause against the defendant. And that's not true, I don't think, with malicious prosecution claims. So so the language that the city is relying upon is dicta and nothing to change in the Second Circuit. Even Frost, footnote two, outlines the elements of a fair trial claim. It says nothing about favorable termination for purposes of malicious prosecution. I mean, do you believe that the prosecution of your client was legitimate? No, it was illegitimate. Right. So isn't the nature of your claim saying that the prosecution was illegitimate? And so isn't that, you know, isn't the interest that leads us to say that there needs to be a termination indicating innocence when you say through malicious prosecution claim that the prosecution was illegitimate? It's the same thing here, isn't it? No, because you can bring multiple claims for the same police misconduct. There may have been fair trial claims or an entirely separate class of claims that a plaintiff can bring, and they arise under a different constitutional amendment. There is nothing in McDonough that requires this court to jettison or get rid of decades of fair trial jurisprudence, which say nothing about favorable termination because fair trial claims address a different problem, which is an entirely corrupt truth seeking process. That's different from malicious prosecution. I think we're at your time, although we're going to hear from your co-counsel and then again from you on rebuttal. So unless your colleagues have questions. Okay. Okay. Mr. Antonino. Good morning, Your Honor. Greg Antonino for Mr. Daniels. May it please the court. I appreciate being able to speak on Section 1981, and I ask you to reconsider the plan given contemporary jurisprudence. Is that something we can do as a panel? That's a good question, and I suggest in my reply brief that in the past when new laws, ways of thinking, jurisprudence, statutes arise, the individual panel can pull the entire circuit and decide whether this is an acceptable way to proceed. And if not, the litigant has the opportunity to petition for an en banc. That's the usual standard. However, in extraordinary circumstances, the court can agree among its own that this precedent is no longer good law. And I cited the chisante ratione Latin phrase, which simply means that if the reasons for an original decision are overruled or just don't apply anymore, then the original decision no longer stands. And it was the case before Bostock, at least, that a court could start with legislative history and look at what Congress really intended. But those reasons are essentially no longer authorized insofar as you would not start with a plain read of the text. And I don't mean to suggest that legislative history is completely out of the statutory construction. I just want to clarify. So your argument is that it is so clearly established now that resort to legislative history is illegitimate, that any precedent that relied on legislative history, we can say, has been abrogated. No, no, no, no, no. And let me clarify. I didn't mean to suggest that at all. Legislative history is a method of statutory construction, and it has its purposes. However, you don't start there. You start with the text. And, you know, if the text is clear, you follow the text and you don't want to render certain words in the text as nugatory or not having any basis in law. And in fact, just last week, this court found in a case involving SBA, we do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply. I have an argument. Can I ask you a more basic question? Sure. Your client's case. So to make out a Fifth Amendment fair trial fabrication of evidence claims, you need to show that you were deprived of liberty as a result of the fabrication of evidence. When was Daniel detained as a result of the – when was he deprived of liberty as a result of the fabrication? Could you allege that somewhere? Well, the answer is yes, because the precedents from this court have held that having to go to trial and being on the court's watch, and if you don't show up to court, a warrant can be issued for your arrest. That's enough of a deprivation of liberty. And he did – Just the fact that he would have to show up. And you're saying he did show up. He did show up, yes. Yes, he did. So there is a deprivation of liberty in having to report to a court, which might take away his liberty. So I wasn't prepared to argue fair trial, but that is what the case law shows as far as deprivation of liberty is concerned. So again, I don't suggest that legislative history is not a method of statutory construction, and it will be. But to read a statute first with legislative history and then to render nugatory or certain words that are in the statute is not a modern method of jurisprudence that the court – that a court could use. And I think that you plan, along with the cases cited, and even the Ninth Circuit, which accepted Section 1981 as a legitimate basis for pursuing police action, started with the legislative history. But this section – Okay. I think we have this argument in your time. Sure. So you have reserved one minute of rebuttal. We'll hear from you again. So I'd like to turn to the appellee, Mr. Moore. Thank you. Thank you, Your Honor. John Moore, once again, on behalf of the appellees. This case presents the specific question of what favorable termination requires after McDonough, where the plaintiff alleges that evidence was fabricated but never used at trial. Such claims alleging a liberty deprivation based on fabrication of evidence that was not ever introduced at a trial implicate the same concerns of the malicious prosecution claim. As the court wrote in McDonough, at bottom, both claims challenge the integrity of criminal prosecutions undertaken pursuant to legal process. Indeed, like the malicious prosecution claim, Daniel's fair trial claim attacks the very legality of the prosecution against him, which is the only basis for his alleged constitutional injury. And while, after this court's decision is frost, such pretrial evidence fabrication may not arise under the Fourth Amendment, the identity of interests identified by the Supreme Court for both claims means there's not a principal basis to distinguish between them in the pretrial context for purposes of determining a favorable termination. Because the constitutional injuries in instances where the allegedly fabricated evidence is never presented at trial are the same as the injuries in malicious prosecution cases, this court should apply the same favorable termination standard to both claims. Thus, as here, where a plaintiff alleges that police fabricated evidence that resulted in a pretrial deprivation of his liberty, but which was not presented at trial, he should be required to show that his prosecution ended in a manner that indicated his innocence. This is the standard that has been applied by the majority of the district courts in the circuit to consider the question, including in the order on appeal here. Because Daniel's prosecution did not end in a manner indicating his innocence, the district court properly dismissed his complaint. As to his claims about overruling due plan in section 1981, unless the court had any questions, I'm happy to rest on my briefs on that point. So do you agree that there are allegations here of a pretrial deprivation of liberty? What is this, just having to appear in court to answer to the charges? Is that what happened? I think that's right. I think under this court's precedent, that is sufficient to qualify for purposes here. And you agree that he alleged this? Yes. Yeah, that's not a point that we're arguing. Our argument is focused entirely on the deficiency that he's able to show and that his determination of his case was not in a manner indicating his innocence. Which we believe is required based on the reason McDonough analogizing so extensively to malicious prosecution cases. And again, where we're talking entirely pretrial, the injury is indistinguishable. The court in McDonough repeatedly noted that both types of claims impugn the actual proceedings of the process, where we're not talking about something that's gone to trial and implicating the evidence, the fair trial considerations. There were only talking pretrial. There is not a difference between the two, as the court noted. Now, plaintiffs also argue that nothing has changed after McDonough, that this was a statute of limitations case, not a substantive. Hasn't our court said in Trost that even though there might be two different kinds of deprivation pretrial, one is based on the Fourth Amendment and one is based on the Fifth Amendment and there are different sorts of claims with different requirements. You don't argue that even though he is challenging a deprivation that's pretrial and so is therefore thereby impugning the prosecution, that he would have to show a lack of probable cause. Do you think he would need to show that? No, I don't think so. I don't think McDonough requires that to address some of the points that have been raised by both counsel. The court in McDonough did make did say that it was not addressing the it was assuming that the contours of the elements of the right as articulated by this court remain sound. And I think generally that holds true. But I think that it does not hold true for the element of favorable termination. There's no way to square to say that. Well, nothing has changed except now you also have to show favorable termination. That that is a change and it's a change as to what a plaintiff is required to show. He can't proceed without showing a favorable termination. So the question is just what does that require? And so on that, while the general contours of the right may be different for evidence fabrication, the favorable termination itself, the court in McDonough was very clear that they are, in fact, the same. And the language I quoted in both arguments now and throughout the opinion indicate that it is the same interests that are implicated. That is even more true in this case than it was in McDonough and McDonough. The case actually did proceed to trial here. There was no trial. The case was resolved entirely before trial. And so the the liberty, the liberty deprivation, any sort of constitutional injury was entirely in that pretrial context, which is the same that would be the case in a malicious where we look at this under the malicious prosecution standard. That's what McDonough urged. And again, I think it is even more on point for this case. Do you think we can distinguish between Fifth Amendment fair trial fabrication of evidence claims where the deprivation is post trial and where the deprivation is pretrial? Should we make that distinction? So, I mean, just in the interest of arguing, trying to succeed on both cases, this honor today, I would urge the court not to. I don't think it's impossible to do so. I think that that there are that there could at least arguably be different interests implicated pretrial and during and post trial. And so to the extent that the court sees fit to make that distinction, then the distinction in this for Daniel is one that does not favor him. You just said, I mean, so the reason why in the malicious prosecution context we show a favorable termination is to say that the deprivation was not reasonable. But if you're saying he wouldn't have to show a lack of probable cause, then you're saying it's possible that he was detained even with probable cause. And yet, nevertheless, he'd be able to challenge the fabrication of evidence. So isn't that already saying it's implicating some different interests than a malicious prosecution claim that proceeds from the Fourth Amendment? And I guess I see your argument that the standards for pretrial deprivation should be the same. And I could see the argument that says, well, if there was probable cause and he was detained pretrial, then it's ifso facto reasonable. And maybe there isn't a constitutional violation. But you just said, and I think our precedents say, that one could nevertheless proceed on fair trial fabrication of evidence claim for a pretrial deprivation. Even if there's probable cause. Right. That may be the case. I ultimately think it's not a question that the court needs to reach to decide this particular case, because the only evidence of that was presented to justify the deprivation of liberty here is the evidence that he is alleging was fabricated. And so any distinction between, well, there's probable cause in one aspect, but it may not matter because other evidence was fabricated ultimately doesn't present in this case. And so I think that the court could resolve this case without addressing that issue. And to turn very quickly to the favorable termination standard that plaintiff appears to urge his argument seems to be that as long as heck is not implicated, as long as there's not an accident, criminal conviction, favorable termination stands. I think that, for what it's worth, does stand in contrast to the point raised by the plaintiff in smalls, who argues that, particularly in his briefing, that it's a disjunctive test that there's favorable termination or heck. To say that, well, favorable termination is heck, that anything that's not a criminal conviction counts as favorable termination, I think, takes away the meaning of the language of favorable termination that the court chose to adopt in McDonough. And it didn't have to adopt in McDonough either. For instance, the Ninth Circuit says that its rule is that a case has terminated where it is fully and finally resolved in a manner that would preclude future prosecution. And the court noted that case and noted the Ninth Circuit standard by citing the case in footnote one, but didn't adopt it. It did say favorable termination. The use of that phrase, in conjunction with its extensive analogy to malicious prosecution, particularly with its focus on the way that evidence fabrication claim would implicate the same concerns as malicious prosecution, indicates that the same standard ought to apply, particularly where we're talking entirely a pretrial deprivation. Do you want to say something briefly about the 1981 question? I think largely I'll rest on my briefs. I mean, I'll say that on page 10 of Plaintiff's opening brief, he concedes that this panel can't overrule DuPlan. I think that DuPlan, as we argue in the brief, the fact that it uses legislative history, I have trouble following the argument raised by Plaintiff. He says that the fact that it used legislative history is not itself disqualifying. Rather, it seems to be saying that the fact that it looked to legislative history first is a problem. I'm not exactly sure what to make of that argument. Moreover, as we argue in the brief, there is the text of the statute that does support our position, and that was actually the basis of Justice Scalia's concurrence in Jett, which the court found still applied in DuPlan, where he said, I'm not relying on legislative history. However, I reach the same result, indicating that the text does, in fact, support the position that the city urges here. Okay, that's the end of your time. Are there any questions from either of my colleagues? No, thank you. Okay, well, thanks very much. We're going to go back to rebuttal, so we're going to hear from Mr. Bergstein for one minute. Yes, okay, I have a couple of points to make. Number one, the city just argued that you can't have a fair trial claim if the evidence wasn't introduced at trial, but this court in Frost said the opposite. At page 249, 980F3rd, a criminal defendant can bring a fair trial claim even when no trial occurs at all, and then they discussed the facts in the holding in Reschutte where that happened. So you don't need a trial for a fair trial claim in this circuit. Number two— I think that it looks a lot more like a malicious prosecution claim when you're only challenging your detention pre-trial and the evidence was never used pre-trial because you're challenging the deprivation associated with bringing the prosecution in the first place. But it's still a fabrication of evidence claim. You could have two claims arising from the same police misconduct conceivably, or you can have one claim arising from an act of police misconduct if you make out the elements, and we make out the elements under long-standing Second Circuit precedent. The favorable termination language in McDonough is entirely in the context of determining when the statute of limitations accrues, and it's entirely in the context of what the Supreme Court said in Heck. I got that point. Why don't you make the second point you were going to make and then just at the conclusion of your rebuttal? Oh, that was the second point, Your Honor. Oh, okay. I got it. Thanks very much. So we're going to hear— Thank you. Sorry, go ahead. Thank you. We're going to hear from Mr. Antonio for one minute. Thank you, Your Honor. This court, of course, can proceed on Section 1981 as it pleases, either by a mini-en banc or by requiring that an en banc petition be filed. And I agree with my adversary that I did suggest separately from the main brief to the reply brief when I examined the mini-en banc procedure a little bit more. But you have to make that decision, and I would suggest that you can make that decision now because I did not say that legislative history could never be used, merely that it can't start at legislative history and then perhaps render nugatory or modified language in the statute. And that is what I believe that DuPont did. And Justice Scalia's concurrence, notably, that my adversary referred to, was in the old 1981 statute, which was adopted in 1866. The whole point that I'm making is that we have to look at the new 1981 statute, which the Supreme Court in Jones v. Donnelly held was new, which is Section 1981c. And I believe I will rely on my brief unless there are more questions about that. All right. Thanks very much. Are there any further questions from the panel? No. All right. If not, then thank you very much. The case is submitted. Thank you very much.